Case 2:03-cr-80602-PJD   Document 2   Filed 08/20/2003   Page 1 of 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



UNITED STATES OF AMERICA,

Plaintiff,

CRIMINAL NO. 03-80602

-vs-

HONORABLE PATRICK J. DUGGAN

SANDRA MARIE ANDERSON,
03cr80602 cpm cnyp
Defendant.

VIOLATIONS: 18 U.S.C. § 1001 (a) (1), (2)
18 U.S.C. § 1512 (b) (3)

MAGISTRATE

## INDICTMENT

THE GRAND JURY CHARGES THAT:

I hereby certify that the foregoing is a true copy of the original on file in this office.
By _____
Deputy Clerk

### INTRODUCTION

At the times pertinent to this Indictment:

1.  Defendant SANDRA MARIE ANDERSON promoted herself as a cadaver canine handler, whose dog Eagle could detect human remains, and thus regularly participated with federal and local law enforcement officers in investigative searches for deceased persons and for clues to their death.

2.  Defendant SANDRA MARIE ANDERSON was the founder and president of Great Lakes Search and Rescue, as well as the director of Detection Services of Canine Solutions, International. In that capacity, defendant ANDERSON trained other dog handlers, who relied upon her for approval and support. She evaluated their performance and certified their dogs, as well as invited these dog handlers to attend seminars and participate in search scenes in order to develop professionally.

3.  The Federal Bureau of Investigation, along with local law enforcement, conducted



a criminal investigation into the disappearance of an African-American female, who was suspected to have been murdered and/or buried in the Huron National Forest. That investigation included the participation of defendant SANDRA MARIE ANDERSON in several searches between about June 2001 and January 2002 for the remains of the victim and evidence related to her disappearance in the Huron National Forest.

4. The Huron National Forest is land over which the executive branch of the Government of the United States has jurisdiction.

5. The Oakland County Homicide & Major Crime Task Force (Oakforce) constituted a law enforcement task force that included both federal agents and local and state law enforcement officers, who were also sworn Special Deputy United States Marshals empowered to conduct searches for the federal government.

6. The Oakland County Homicide & Major Crime Task Force (Oakforce) conducted a criminal investigation to attempt to locate an unidentified homicide victim, who was suspected to have been murdered and/or buried in the Proud Lake Recreational Area. That investigation included the participation of defendant SANDRA MARIE ANDERSON in several searches between in or about August 2001 and January 2002 for the remains of the unidentified homicide victim and related evidence in the Proud Lake Recreational Area.

7. On or about May 31, 2002, defendant SANDRA MARIE ANDERSON entered a written agreement with the United States Department of Justice. The purpose of the agreement was to enable defendant ANDERSON to respond to allegations that she had planted false evidence during her participation in law enforcement searches for human remains. In that agreement, defendant ANDERSON explicitly agreed to provide only truthful information and

Case 2:06-cr-80002-PJD   Document 2   Filed 06/26/2003   Page 3 of 14

acknowledged that she understood that she could be criminally prosecuted for false material representations intentionally made by her during the interview. Pursuant to the agreement, defendant ANDERSON voluntarily spoke for several hours on or about May 31, 2002, with attorneys of the United States Department of Justice and agents of the Federal Bureau of Investigation.

## COUNT ONE
### (18, U.S.C. § 1001(a)(1), (2))

1.  The General Allegations are incorporated into this Count of the Indictment.

2.  On or about April 17, 2002, in the Eastern District of Michigan, in a matter within the jurisdiction of the United States Department of Justice and the Federal Bureau of Investigation, defendant SANDRA MARIE ANDERSON knowingly and willfully falsified, concealed and covered up by trick, scheme and device a material fact, and made a materially false, fictitious and fraudulent statement and representation; that is, while participating in a search with federal law enforcement for the human remains of and evidence related to a suspected victim of a possible federal crime in the Huron National Forest, near Oscoda, Michigan, defendant ANDERSON deliberately falsified a material fact by planting a piece of human bone, subsequently designated by law enforcement as L-6, under a tree stump, and at the time of its discovery, she falsely stated and represented by words and conduct that the human bone was legitimate potential evidence genuinely related to the crime under investigation, and concealed and covered up the fact that she had planted the bone, all in violation of Title 18, United States Code, Section 1001(a)(1) and (a)(2).

## COUNT TWO
(18 U.S.C. § 1001(a)(1), (2))

1. The General Allegations are incorporated into this Count of the Indictment.

2. On or about April 17, 2002, in the Eastern District of Michigan, in a matter within the jurisdiction of the United States Department of Justice and the Federal Bureau of Investigation, defendant SANDRA MARIE ANDERSON knowingly and willfully falsified, concealed and covered up by trick, scheme and device a material fact, and made a materially false, fictitious and fraudulent statement and representation; that is, while participating in a search with federal law enforcement for the human remains of and evidence related to a suspected victim of a possible federal crime in the Huron National Forest, near Oscoda, Michigan, defendant ANDERSON deliberately falsified a material fact by planting carpet fibers in a pile of debris, and at the time of its discovery, she falsely stated and represented by words and conduct that the carpet fiber was legitimate potential evidence genuinely related to the crime under investigation, and concealed and covered up the fact that she had planted the carpet fibers, all in violation of Title 18, United States Code, Section 1001(a)(1) and (a)(2).

## COUNT THREE
(18 U.S.C. § 1001(a)(1), (2))

1. The General Allegations are incorporated into this Count of the Indictment.

2. On or about April 18, 2002, in the Eastern District of Michigan, in a matter within the jurisdiction of the United States Department of Justice and the Federal Bureau of Investigation, defendant SANDRA MARIE ANDERSON knowingly and willfully falsified, concealed and covered up by trick, scheme and device a material fact, and made a materially false, fictitious and fraudulent statement and representation; that is, while participating in a

Case 2:03-cr-80002-PJD   Document 2   Filed 06/20/2003   Page 5 of 14

search with federal law enforcement for the human remains of and evidence related to a suspected victim of a possible federal crime in the Huron National Forest, near Oscoda, Michigan, defendant ANDERSON deliberately falsified a material fact by planting a piece of human bone, subsequently designated by law enforcement as L-11, in a tree stump, and at the time of its discovery, she falsely stated and represented by words and conduct that the human bone was legitimate potential evidence genuinely related to the crime under investigation, and concealed and covered up the fact that she had planted the bone, all in violation of Title 18, United States Code, Section 1001(a)(1) and (a)(2).

## COUNT FOUR

(18 U.S.C. § 1001(a)(1), (2))

1.  The General Allegations are incorporated into this Count of the Indictment.

2.  On or about April 18, 2002, in the Eastern District of Michigan, in a matter within the jurisdiction of the United States Department of Justice and the Federal Bureau of Investigation, defendant SANDRA MARIE ANDERSON knowingly and willfully falsified, concealed and covered up by trick, scheme and device a material fact, and made a materially false, fictitious and fraudulent statement and representation; that is, while participating in a search with federal law enforcement for the human remains of and evidence related to a suspected victim of a possible federal crime in the Huron National Forest, near Oscoda, Michigan, defendant ANDERSON deliberately falsified a material fact by planting a piece of human bone, subsequently designated by law enforcement as L-12, in the muck of a drained creek, and at the time of its discovery, she falsely stated and represented by words and conduct that the human bone was genuinely related to the crime under investigation, and concealed and

Case 2:03-cr-80062-PJD   Document 2   Filed 08/20/2003   Page 6 of 14

covered up the fact that she had planted the bone, all in violation of Title 18, United States Code, Section 1001(a)(1) and (a)(2).

## COUNT FIVE
### (18 U.S.C. § 1001(a)(2))

1. The General Allegations are incorporated into this Count of the Indictment.

2. On or about April 18, 2002, in the Eastern District of Michigan, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant SANDRA MARIE ANDERSON knowingly and willfully made a materially false, fictitious and fraudulent statement and representation; that is, defendant ANDERSON stated and represented to law enforcement officers investigating whether she had planted evidence, including human bone, at crime scenes that she had never planted evidence at a crime scene and that all her finds were legitimate; when in fact, defendant ANDERSON well knew that she had planted evidence at one or more crime scenes, to wit:

> (a) human bone (L-6) found in the Huron National Forest, on or about April 17, 2002;
>
> (b) carpet fibers found in the Huron National Forest, on or about April 17, 2002;
>
> (c) human bone (L-11) found in the Huron National Forest in a tree stump on or about April 18, 2002;
>
> (d) human bone (L-12) found in the Huron National Forest in the muck of a creekbed on or about April 18, 2002;
>
> (e) human bone found at the Proud Lake Recreation Center on or about January 4, 2002;

6

Case 2:03-cr-80002-PJD   Document 2   Filed 00/20/2003   Page 7 of 14

(f) a human digit in the mud at Bad Creek near Delta, Ohio found on April 9, 2002;

(g) a saw blade stained with her own body fluid in the basement of the home of a murder suspect in Plymouth, Michigan, found on or about January 7, 2000;

(h) coins stained with her own body fluid in a field in Monroe County, Michigan, found on or about May 2, 2001;

(i) a cloth piece of gauze stained with her own body fluid at a trailer in Lindsey, Ohio, found on February 27, 2002; and

(j) human bone fragments on the grounds of Stress Con, a business in Bay City, Michigan, found on or about October 24, 2000;

and thus she also well knew that not all of her finds were legitimate; all in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SIX
(18 U.S.C. § 1001(a)(1), (2))

1. The General Allegations are incorporated into this Count of the Indictment.

2. On or about January 4, 2002, in the Eastern District of Michigan, in a matter within the jurisdiction of the United States Department of Justice and the Federal Bureau of Investigation, defendant SANDRA MARIE ANDERSON knowingly and willfully falsified, concealed and covered up by trick, scheme and device a material fact, and made a materially false, fictitious and fraudulent statement and representation; that is, while participating with a federally funded joint federal, local and state law enforcement task force (Oakforce) staffed by Special United States Marshals in a search for the human remains of and evidence related to a

suspected homicide victim and a possible federal crime in the Proud Lake Recreation Center in Oakland County, Michigan, defendant ANDERSON deliberately falsified a material fact by planting a piece of human bone in the dirt, and at the time of its discovery, she stated and represented by words and conduct that the human bone was legitimate potential evidence genuinely related to the crime under investigation, and concealed and covered up the fact that she had planted the bone, all in violation of Title 18, United States Code, Section 1001(a)(1) and (a)(2).

## COUNT SEVEN
(18 U.S.C. § 1512(b)(3))

1. The General Allegations are incorporated into this Count of the Indictment.

2. On or about April 19, 2002, in the Eastern District of Michigan, defendant SANDRA MARIE ANDERSON did knowingly engage in misleading conduct toward a detective of the Oakland County Sheriff's Department with the intent to hinder, delay and prevent communication of information to law enforcement officers of the United States related to the commission of or the possible commission of a federal offense by delivering to the detective human bone mixed into a bag containing animal bones and making false assertions about how the bones were acquired, knowing at the time that she engaged in the misleading conduct that there was a federal investigation into allegations that she planted evidence at crime scenes, all in violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT EIGHT
(18 U.S.C. § 1512(b)(3))

1. The General Allegations are incorporated into this Count of the Indictment.

2. On or about April 22 through April 23, 2002, in the Eastern District of Michigan,

Case 2:03-cr-80062-PJD   Document 2   Filed 08/20/2003   Page 9 of 14

defendant SANDRA MARIE ANDERSON did knowingly engage in misleading conduct toward another with the intent to hinder, prevent and delay communication of information to law enforcement officers of the United States related to the commission of or the possible commission of a federal offense; that is, at a time when ANDERSON knew that there was a federal investigation into allegations that she planted evidence at crime scenes, she made false representations in an attempt to convince a dog handler/trainee to prepare a false report for law enforcement about ANDERSON'S acquisition of bones, all in violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT NINE
(18 U.S.C. § 1512(b)(3))

1. The General Allegations are incorporated into this Count of the Indictment.

2. On or about April 22 through April 23, 2002, in the Eastern District of Michigan, defendant SANDRA MARIE ANDERSON did knowingly engage in misleading conduct toward another with the intent to hinder, prevent and delay communication of information to law enforcement officers of the United States related to the commission of or the possible commission of a federal offense; that is, at a time when ANDERSON knew that there was a federal investigation into allegations that she planted evidence at crime scenes, she made false representations in an attempt to convince a dog handler/trainee to prepare a false report for law enforcement about ANDERSON'S acquisition of bones, all in violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT TEN
(18 U.S.C. § 1001(a)(2))

1. The General Allegations are incorporated into this Count of the Indictment.

Case 2:03-cr-80002-PJD   Document 2   Filed 08/20/2003   Page 10 of 14

2.  On or about May 31, 2002, in the Eastern District of Michigan, defendant SANDRA MARIE ANDERSON, having entered an agreement to provide truthful information to federal officials conducting a federal criminal investigation, did voluntarily, knowingly and willfully make materially false, fictitious and fraudulent statements and representations during an interview by those federal officials in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, an investigation to determine whether federal law had been violated based upon information suggesting that defendant ANDERSON had planted false evidence during her participation in several law enforcement searches.

### THE FALSE, FICTIOUS AND FRAUDULENT STATEMENTS AND REPRESENTATIONS

Specifically, defendant ANDERSON knowingly and willfully made one or more of the following false, fictitious and fraudulent statements and representations:

(1) that defendant ANDERSON never on any occasion placed material at a law enforcement search scene;

(2) that defendant ANDERSON's discovery of a human toe in mud from Bad Creek, Delta, Ohio, was a legitimate discovery of potential genuine evidence during a search in which law enforcement participated;

(3) that defendant ANDERSON had no knowledge of a saw blade being found by law enforcement officers after her dog Eagle alerted on a washer and dryer during a law enforcement search of a murder suspect's basement in Plymouth, Michigan;

(4) that defendant ANDERSON's discovery of human bone on the grounds of Stress Con, a business in Bay City, was a legitimate discovery of potential evidence during a law

Case 2:03-cr-80002-PJD   Document 2   Filed 08/20/2003   Page 11 of 14

enforcement search in Bay City, Michigan.

## THE TRUTH

(1) Representation (1) was false in that defendant ANDERSON well knew that she had placed material at law enforcement search scenes, including but not limited to one or more of the following:

> (a) human bone (L-6) found in the Huron National Forest on or about April 17, 2002;
>
> (b) carpet fibers found in the Huron National Forest on or about April 17, 2002;
>
> (c) human bone (L-11) found in the Huron National Forest in a tree stump on or about April 18, 2002;
>
> (d) human bone (L-12) found in the Huron National Forest in the muck of a creekbed on or about April 18, 2002;
>
> (e) human bone found at the Proud Lake Recreation Center on or about January 4, 2002.;
>
> (f) a human digit in the mud at Bad Creek near Delta, Ohio found on April 9, 2002;
>
> (g) a saw blade stained with her own body fluid in the basement of the home of a murder suspect in Plymouth, Michigan, found on or about January 7, 2000;
>
> (h) coins stained with her own body fluid in a field in Monroe County, Michigan, found on or about May 2, 2001;
>
> (i) a cloth piece of gauze stained with her own body fluid at a trailer in Lindsey, Ohio, found on February 27, 2002; and

(j) human bone fragments on the grounds of Stress Con, a business in Bay City, Michigan, found on or about October 24, 2000;

(2) Representation (2) was false in that the defendant ANDERSON well knew that she had planted a severed human toe in the mud of a Bad Creek near Delta, Ohio, and falsely stated and represented by words and conduct that it was legitimate potential evidence genuinely related to the investigation by law enforcement on or about April 9, 2002;

(3) Representation (3) was false in that the defendant ANDERSON well knew that she had planted a saw blade stained with her own body fluid behind a washer in the basement of a murder suspect in Plymouth, Michigan, during a law enforcement search on or about January 7, 2000, and had later spoken with a Michigan state prosecutor regarding that item during trial preparation and was admonished on the record by the trial judge not to mention the saw blade during her testimony ;

(4) Representation (4) was false in that the defendant ANDERSON well knew that she had planted bone fragments at a suspected crime scene, the grounds of Stress Con, a business in Bay City, Michigan, and falsely stated and represented by words and conduct that the items were legitimate potential evidence genuinely related to the crime under investigation during a law enforcement search on or about October 24, 2000.

All in violation of Title 18, United States Code, Section 1001(a)(2).

THIS IS A TRUE BILL

*[signature]*
Foreperson

12

JEFFREY G. COLLINS
United States Attorney
Eastern District of Michigan

*/s/ Gary M. Felder*

GARY M. FELDER
Assistant U.S. Attorney
Eastern District of Michigan

J. MICHAEL WIGGINS
Acting Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

*/s/ Barry F. Kowalski*

BARRY F. KOWALSKI
Special Legal Counsel
Criminal Section
Civil Rights Division
U.S. Department of Justice

*/s/ Paige M. Fitzgerald*

PAIGE M. FITZGERALD
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice

Dated: August 20, 2003

13

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>03-80602 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: PATRICK J. DUGGAN |
| ☐ Yes    x No | AUSA's Initials: |

MAGISTRATE JUDGE SCHEER

**Case Title:** USA v. SANDRA MARIE ANDERSON

**County where offense occurred:** WAYNE

**Check One:**      X Felony      ☐ Misdemeanor      ☐ Petty

☐  Indictment___/Information____ no prior complaint.
☐  Indictment___/Information____ based upon prior complaint [Case number:___]
X  Indictment___/Information_X_ based upon LCrR 57.10 (d) [Complete Superseding section below].

## Superseding Case Information:

**Superseding to Case No:** 03-80602         **Judge:** Patrick J. Duggan

☐  Original case was terminated; no additional charges or defendants.
☐  Corrects errors; no additional charges or defendants.
☐  Involves, for plea purposes, different charges or adds counts.
X  Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges |
|---|---|
| SANDRA MARIE ANDERSON | 18 U.S.C. § 1001(a)(1) (2) &<br>18 U.S.C. § 1512 (b) (3) |

August 20, 2003
Date

GARY M. FELDER
Assistant United States Attorney

(313) 226-9742
Phone Number

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.